IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JEFFREY T. GALFORD,

    Plaintiff,

v.                              Civil Action No. 5:09CV102
                                                   (STAMP)
MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The plaintiff, Jeffrey T. Galford, filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI, respectively, of the Social Security Act. In the applications, the plaintiff alleges disability since August 27, 2003 due to degenerative disc disease, L3 rupture, and severe anxiety.

The Social Security Administration denied the plaintiff's applications initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on September 18, 2007, before Administrative Law Judge ("ALJ") Randall W. Moon. The plaintiff, represented by counsel, testified on his own behalf, as did a vocational expert ("VE"). On February 14, 2008, the ALJ issued a decision finding that the plaintiff had not been under a disability, as defined in the Social Security Act, from August 27, 2003 through the date of the decision. The Appeals Council denied

the plaintiff's request for review, rendering the ALJ's decision final.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On December 8, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for summary judgment be denied, and that this case be dismissed and stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen (14) days after being served with a copy of the report. The plaintiff did not file objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979). Here, no party filed objections to the report and recommendation, thus, the plaintiff waived his right to

appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion for summary judgment, the plaintiff first argues that the Commissioner improperly discounted his credibility without providing sufficient reasons supported by the evidence in the case record. More specifically, the plaintiff argues that the ALJ ignored his duty to consider the consistency of the plaintiff's statements--a strong indicator of credibility. Second, the plaintiff contends that the ALJ's finding that he is capable of work that exists in substantial numbers in the national economy is not based on substantial evidence.

The Commissioner contends that the ALJ provided sufficient reasoning for why he determined that the plaintiff's claims were only partially credible, and the ALJ's determination that the plaintiff could perform a wide range of unskilled sedentary and light work with his credible subjective complaints is supported by substantial evidence. The defendant argues that in making his determination, the ALJ considered all of the plaintiff's complained-of symptoms and the extent to which they could be reasonably accepted as consistent with the objective medical evidence. Additionally, the defendant submits that the ALJ considered medical opinion evidence, the plaintiff's longitudinal medical history, the fact that the plaintiff had received only

conservative treatment, and the plaintiff's daily activities when making his determination. Thus, the defendant argues that the ALJ provided sufficient reasoning for a determination supported by substantial evidence.

Magistrate Judge Kaull issued a report and recommendation, in which he held that the ALJ properly considered all of the evidence when forming his opinion regarding the plaintiffs credibility, and substantial evidence exists to support the ALJ's conclusion that the plaintiff's testimony regarding his symptoms was only partially credible. Further, the magistrate judge found that substantial evidence supports the ALJ's hypotheticals to the VE and his reliance on the VE's testimony in response to those hypotheticals.

The magistrate judge reviewed the ALJ's discussion of the plaintiff's medical history and determined that the ALJ's credibility evaluation did take into account the plaintiff's statements about his pain, his medical history, medical signs and laboratory findings, objective medical evidence of pain, evidence of his daily activities, specific descriptions of the pain, and medical treatment taken to alleviate it. The report and recommendation of the magistrate judge notes that the plaintiff's claims of disabling back problems are inconsistent with doctor reports and highlights multiple examples of these inconsistencies.

The plaintiff contends that the ALJ failed to adequately include the limitations presented by his impairments when determining that he is capable of work that exists in substantial

4

numbers in the national economy. However, the magistrate judge reviewed the decision of the ALJ and found that the ALJ made a thorough analysis of the medical evidence, including, significantly, the plaintiff's failure to follow doctors' instructions, which may have led to at least a decrease in his pain and functional limitations. Further, the magistrate judge emphasizes that substantial evidence supports the ALJ's determination that the plaintiff's complaints of pain and limitation were only partially credible. The magistrate judge also notes that the ALJ asked a hypothetical of the VE containing limitations due to mental impairments. Even when the ALJ limited the plaintiff to only occasional contact with the public (due to mental, rather than physical impairments), the VE still testified that a significant number of jobs would exist. The plaintiff did not file objections to the magistrate judge's report and recommendation.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80

F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

This Court has reviewed the record, as well as the parties' motions for summary judgment, and for the reasons set forth in the report and recommendation, concurs with the magistrate judge that the Commissioner's decision denying the plaintiff's application for SSI and DIB is supported by substantial evidence. Accordingly, the magistrate judge's report and recommendation is affirmed and adopted.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge. The defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:      December 28, 2010

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE